GLICKSTEIN, Judge,
concurring.
I agree with some of the thoughts expressed by both of my colleagues. Nevertheless, the matter should be reversed and remanded for the taking of testimony to resolve the compelling interests of the child, on the one hand, and the legitimate property rights of the father.
Square one, to me, is the intent of the final judgment which, in my view, cannot be determined by simply reading the phrase which the original trial judge added in her handwriting at the end of paragraph 4; namely:
or until the home is permanently inhabited by an additional party.
Did she intend that if the additional party were a permanent nurse for the child, then the wife lost exclusive use and possession? The key is the identity of the additional party and the common sense effect of that party’s inhabiting the home. The successor trial judge, in my opinion, should not have stricken the wife’s affirmative defense which identified the occupants as the wife’s daughter and her husband. That successor trial judge being unavailable to resolve the matter now, his successor should be able to resolve the competing tensions in this matter not only by a reasonable interpretation of the language but by considering options available to the parties. For example, should the court find the presence of the wife’s other daughter and the daughter’s husband offensive to his sense of fairness to the husband, he could order the continued possession to be contingent upon their immediate removal should the facts show the occupancy to be a free ride at appellee’s expense. In short, a creative remedy should be available on remand.